## UNITED STATES FIDELITY & GUARANTY CO. v. WRENN.

### No. 6703.

United States Court of Appeals for the District of Columbia.

Argued Dec. 10, 1936.

Decided March 1, 1937.

Louis M. Denit and Thomas S. Jackson, both of Washington, D. C., for appellant.

W. Gwynn Gardiner and James M. Earnest, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This is an appeal from a judgment of the Supreme Court of the District of Columbia (now the United States District Court for this District), awarding damages against appellant as surety on an undertaking given in conjunction with an attachment before judgment.

It appears that on September 1, 1930, one Morrison leased from appellee, Wrenn, the premises 1215 Sixteenth Street, N. W., in the city of Washington for a term of one year from that date, at a rental of $325 a month, payable in advance. Morrison paid the rent for the month of September, but paid no further rent. The lease agreement contained the following provisions: "And in the event that the party of the second part (lessee) should fail to pay said rent when due or within ten days thereafter, then the said party of the first part may at his option consider the said party of the second part a tenant at will and the said party of the second part hereby gives the said party of the first part the right to re-enter and repossess himself of the said premises if the said party of the first part may deem it wise to do so. The party of the second part does hereby agree that if

he permits the rent to (be) unpaid and in arrears for ten days after the same shall become due according to this agreement then the said party of the first part shall have the right to consider the entire rent for the term of this lease due and payable and in case of such default the party of the second part agrees herein that the rent for the term of this lease may all be due and payable and the party of the first part may have the right to recover forthwith or otherwise."

On November 26, 1930, Morrison filed suit in the lower court against Wrenn for money had and received in the amount of $11,000. On December 23, 1930, Morrison filed an affidavit in attachment in the cause, setting forth that the defendant, Wrenn, was a nonresident, and on the same date he filed a bond in the sum of $22,000, with the appellant, United States Fidelity & Guaranty Company, as surety, conditioned that Morrison should make good all costs and damages which Wrenn might sustain by reason of the wrongful suing out of the attachment. A writ of attachment and garnishment thereupon issued, and the premises, 1215 Sixteenth Street N. W., were attached. In addition to the attachment of the realty, Morrison caused service of the writ of attachment upon himself, "attaching credits and property of the defendant" in the hands of Morrison as garnishee. Morrison, as garnishee, in answer to interrogatories, after setting forth the facts as to the rentals under the lease, stated that he, as garnishee, was entitled to a certain credit because of expenditures made with the authority and consent of Wrenn, and that the amount due to Wrenn from Morrison, the garnishee, was "$2,756.81, based upon the total rent for the term." Morrison, the garnishee, was "2,756.81, based a cause of action, and on July 29, 1931, was for a second time denied leave to file an amended declaration. Promptly thereafter Wrenn instituted landlord and tenant proceedings to recover possession of the leased property. He obtained judgment and secured possession on August 10, 1931.

On November 20, 1931, the court below entered judgment for the defendant, Wrenn, on the pleadings and referred the cause to the auditor. The auditor being disqualified, the cause was referred to a special master "to determine the amount of damages, if any, to be awarded to the defendant Thomas F. Wrenn, in the above-entitled cause against the plaintiff, George F. Morrison and the United States Fidelity and Guaranty Company, as surety, by reason of the attachment heretofore issued in the above-entitled cause."

On August 16, 1935, after hearings, the master filed his report. He found that the defendant, Wrenn, was entitled to recover as an item of damage against the plaintiff, and his surety on the attachment bond, "either the rent or its equivalent as compensation for the use and occupancy of the premises from the time the attachment was levied to the time the defendant evicted the plaintiff"; that is, from January 1, 1931 to July 31, 1931, at $325 a month, or $2,275. He further found that "the loss of rent, accrued at the time the writ was issued, as between the defendant as obligee of the bond, and the plaintiff and his surety as obligors, is a damage caused by the wrongful suing out of the attachment and hence recoverable." In other words, that the defendant was entitled to recover as an item of damage the amount of rent due under the lease at the time the writ of attachment and garnishment was issued and served on December 23, 1930, being three months from October 1, 1930, to December 31, 1930, or $975. Finally, he found that defendant, Wrenn, was entitled to compensation for the use and occupation of the premises from August 1, 1931, to August 10, 1931, at which time Morrison was evicted from the premises, being $\frac{10}{31}$ of the month at $325, or $104.84, making a total of $3,354.84.

The master recommended judgment against surety in the sum of $3,354.84, with interest, plus costs of reference amounting to $590. Exceptions to the report were overruled by the lower court; the report was ratified and confirmed; and judgment was entered against appellant for the amount referred by the master. The case presented, therefore, relates solely to the liability of the Surety Company.

We come now to the consideration of whether the service of the writ of garnishment upon Morrison, the plaintiff, was legal and effective. Section 445 of the District Code (D.C.Code 1929, T. 24, § 121) provides for the issuance of writs of attachment, "to be levied upon so much of the lands, tenements, goods, chattels, and credits of the defendant as may be necessary to satisfy the claim of the plaintiff." Section 446 (D.C.Code 1929, T. 24, § 122) requires "the marshal to serve a notice on the defendant, if he be found in the District, and on any person in whose possession any

property or credits of the defendant may be attached, to appear in said court, * * * and show cause * * * why the property so attached should not be condemned." Section 452 (D.C.Code 1929, T. 24, § 128) provides in part that the attachment may be levied upon defendant's personal chattels, whether in the debtor's or a third person's possession and upon his credits in the hands of a third person, whether due and payable or not.

In Harriman v. Richardson, 51 App.D. C. 24, 26, 273 F. 752, 754, this court, considering a case where chattels had been attached in the hands of the plaintiff, said: "Appellant contends that this provision [of section 452] is exclusive, and forbids a levy upon property in the hands of the plaintiff. We cannot agree with this contention. We find nothing in the statute to show an intention to deprive the plaintiff of this means of satisfying a just claim against a nonresident of the District for the reason merely that the defendant's property may be in his (the plaintiff's) possession. We think the intent of section 446 is to make it clear that the property of the defendant may be attached even if in the hands of third persons, as well as in the defendant's, and does not limit the right to such cases. In our opinion the attachment in this case was properly levied, and the court did not err in refusing to quash it."

But it is urged that there is a distinction between the attachment of chattels, as in the Harriman Case, and the attachment of credits, and that the ruling in that case applied only to chattels, and does not govern in case of the attachment of credits in the hands of the plaintiff. We are unable to discover the distinction that would permit the attachment of chattels and not of credits. In the Harriman Case the court held that the language of section 452, that the "attachments may be levied on the * * * personal chattels of the defendant, * * * whether in the defendant's or a third person's possession" was not exclusive, and did not forbid the levy upon chattels in the hands of the plaintiff. The subsequent language of section 452 is: "and upon his credits in the hands of a third person, whether due and payable or not." In our opinion the latter language no more forbids the attachment of credits in the hands of a plaintiff than the provision as to personal chattels prohibits the attachment of such chattels in a plaintiff's hands. The Harriman Case is therefore conclusive on this

point, and in our opinion the garnishment in the instant case was valid and effective.

This brings us to the consideration of the question whether the rents under the lease were reached by the garnishment of December 23, 1930. There can be no question that the rents for October, November, and December, totaling $975.00, were reached, but the succeeding months present a more difficult problem. Under section 452 of the Code attachment may be levied on credits "whether due and payable or not." Section 467 of the Code (D.C.Code 1929, T. 24, § 143) provides: "But if said credits shall not be immediately due and payable, execution shall be stayed until the same shall become due." So that it is immaterial whether these rents were "due and payable" or not when the garnishment was levied, the precise question involved being whether or not the rents which accrued after service of the garnishment, from January 1 to August 10, 1931 were a credit, that is, whether they were owing and constituted a debt, when the garnishment was levied, or whether they formed a mere contingent liability. If these rents constituted a debt, clearly they were reached by the garnishment. If, however, they constituted a contingent liability, they were not so reached. Appellant contends that these rents constituted a contingent liability; that unearned rent, payable upon a contingency, is not a debt. Appellee, on the other hand, urges that the agreement to pay rent for the full term was absolute, and that nothing but time was wanting to fix an absolute indebtedness; that the contingencies cited by appellant might defeat the indebtedness after it came into existence, but did not prevent its creation.

We think that the rents for January, 1931, and subsequent months constituted a contingent liability when the garnishment was levied. In Skalowski v. Fisher, 152 S.C. 108, 149 S.E. 340, 345, 65 A.L.R. 1427, the Supreme Court of South Carolina, in reversing an order of the lower court refusing to quash an attachment, said: "The only 'rent' referred to in the affidavit is unearned rent for 'the next two and a half years' at $425 per month, or a total of $12,750. There is nothing to identify this 'unearned rent' with the 'indebtedness' mentioned in the first paragraph of the affidavit or with the 'damages' sought by the complaint. The affidavit does not refer to damages, nor does it state any facts whereon could be based a recovery of damages.

Furthermore, unearned rent is not a 'debt.' 'Rent does not accrue to the lessor as a debt until the lessee has enjoyed the use of the land.' 24 Cyc. 1137. 'Rent issues from the land, is not due until the rent day, and is due in respect of the enjoyment of the premises let.' William Filene's Sons Co. v. Weed, 245 U.S. 597, 38 S.Ct. 211, 213, 62 L. Ed. 497."

And in the case of In re Roth & Appel, 181 F. 667, 669, 31 L.R.A.(N.S.) 270, the Circuit Court of Appeals for the Second Circuit, in considering whether rent accruing under a lease after the filing of a petition in bankruptcy against the lessee constituted a "fixed liability," said: "Rent is a sum stipulated to be paid for the use and enjoyment of land. The occupation of the land is the consideration for the rent. If the right to occupy terminate, the obligation to pay ceases. Consequently, a covenant to pay rent creates no debt until the time stipulated for the payments arrives. The lessee may be evicted by title paramount or by acts of the lessor. The destruction or disrepair of the premises may, according to certain statutory provisions, justify the lessee in abandoning them. The lessee may quit the premises with the lessor's consent. The lessee may assign his term with the approval of the lessor, so as to relieve himself from further obligation upon the lease. In all these cases the lessee is discharged from his covenant to pay rent. The time for payment never arrives. The rent never becomes due. It is not a case of debitum in præsenti solvendum in futuro * * * but is a mere possible future demand. Both its existence and amount are contingent upon uncertain events."

The opinion of Judge Sanborn in Watson v. Merrill (C.C.A.) 136 F. 359, 361, 69 L.R.A. 719, is to the same effect. The opposite view, urged by the appellee, is set forth in Brown v. Cairns, 107 Iowa, 727, 77 N.W. 478.

We think that the holding in the Skalowski Case more correctly states the law on this point and should be followed here. We therefore hold that the rents from January, 1931, to August 10, 1931, were not reached by the garnishment. That being true, Wrenn could have sued Morrison at any time subsequent to January 10, 1931, either for possession or for rent due, regardless of the garnishment. As a matter of fact, he did recover possession of the leased premises while the garnishment was still in force

Appellee points out that the real estate was attached, as well as the credits in Morrison's hands. It is not clear how this operated to Wrenn's disadvantage, since no actual damages were shown by reason of the attachment of the realty.

Bearing in mind that there was no evidence that Morrison was at any time insolvent, we are of opinion that the only damage suffered by Wrenn by reason of the wrongful suing out of this attachment was the deprivation of the use of the sum of $975 back rent which was owing when the garnishment was levied, and that the measure of such damage is interest on that sum for the period during which the garnishment was in force and effect.

The judgment is reversed.

GRONER, J., concurs in the result.