## WHEELER v. THOMAS.
### No. 89978.

District Court of the United States for the District of Columbia.
Feb. 26, 1940.

Bernard J. Long, of Washington, D. C., for plaintiff.

Louis M. Denit, of Washington, D. C., for garnishee.

LETTS, Justice.

The plaintiff is described as judgment creditor and the defendant as judgment debtor. Plaintiff has served an attachment and garnishment upon the District Title Company. The garnishee, by its amended answer, shows that $1,000 was deposited with it by the judgment debtor as a deposit on account of the purchase price of a farm which he had contracted to buy from John H. Ruppert Corporation and B. Louise Ruppert, executrix of the estate of John H. Ruppert. Garnishee sets up the contract of sale.

Being so deposited, the fund is subject to all of the terms of the contract. It may not be returned to the judgment debtor even upon his demand without the consent of the sellers. The latter have a right to a forfeiture of the fund in case of default on the part of the purchaser, which right is expressly provided for in the sales contract. It is apparent that the garnishee's obligation is conditional or contingent. Without the seller's consent, the garnishee has no right and may not be compelled to return the deposit to the purchaser.

The rule is well settled that money payable upon a contingency or condition is not subject to garnishment until the contingency has happened or the

condition has been fulfilled. The garnishee can not be placed in a position worse than that which he would occupy if the judgment debtor had sued him.

The record indicates that the sales contract has not been consummated or otherwise terminated. The garnishee suggests, in his points and authorities, that the sellers are necessary parties in any proceeding by which it is sought to establish a right in the fund. It would seem that only by bringing the sellers before the court can it be determined that they have no right in the deposit as against the judgment debtor.

It follows that plaintiff's motion for judgment of condemnation is prematurely brought. It will be overruled without prejudice to its renewal upon the happening of a contingency or the fulfillment of a condition favorable to plaintiff's claim.

It is likewise obvious that the garnishee's motion for release is premature. The garnishee is not entitled to the relief asked until the rights of the parties to the sales contract are known. Garnishee's motion will be overruled without prejudice to its renewal when the ownership of the fund has been established.