## MANLEY v. BUTTERFIELD.

### No. 618.

United States District Court
District of Columbia.

April 24, 1953.

784

Samuel R. Blanken, Washington, D. C., for the motion.

Leo A. Rover, U. S. Atty., and Frank H. Strickler, Asst. U. S. Atty., for the District of Columbia, for the garnishee.

### HOLTZOFF, District Judge.

This is a motion to subject funds held by the Chief Probation Officer of this Court to garnishment at the hands of a judgment creditor of the depositor of the money. The plaintiff obtained a judgment against the defendant in the Municipal Court for the sum of $910 with interest and costs. This judgment was docketed in the United States District Court for the District of Columbia, as permitted by the pertinent statute. For the purpose of collecting the judgment, the plaintiff brought a garnishment proceeding directed to the Chief Probation Officer of the United States District Court for the District of Columbia.[1] The garnishee replied that the defendant had been convicted in five criminal cases in this Court, and that during the presentence investigation made by the Probation Officer, the defendant remitted $1,700 to him to be placed in the trustee account as partial restitution for the losses sustained by the victims of these crimes. The plaintiff now makes a motion for judgment of condemnation as against the funds in the hands of the garnishee in an amount sufficient to pay the original judgment.

The United States District Court for the District of Columbia is authorized to place defendants in certain criminal cases on probation "upon such terms as it may deem best", D.C.Code, 1951, Title 24, § 102. A similar provision is contained in U.S.Code, Title 18, Section 3651, which expressly states that among the conditions of probation may be a requirement to make restitution to aggrieved parties for actual damages or loss caused by the offense for which conviction was had. Pursuant to authority granted by statute, this Court on June 27, 1950, appointed Edward W. Garrett, Chief Probation Officer of the Court, as trustee "to receive and disburse restitution and non-support moneys in cases where probation is conditioned upon payment thereof".

It thus appears that in cases in which the defendant is placed on probation on condition that he make restitution, the Chief Probation Officer is authorized to receive and disburse the moneys paid for that purpose. Funds so paid to the Chief Probation Officer are trust funds entrusted to him for a specific purpose, namely, for use as restitution to the victim of the crime for which the defendant was convicted and in respect to which he was placed on probation. Since these moneys are paid in trust for a specified object, they are not subject to garnishment at the hands of the defendant's creditors. Any other rule would completely disrupt the use of restitution as a condition of probation, and thereby seriously interfere with the beneficent aim and effective administration of the probation law.

The case at bar, however, presents an exceptional situation that rarely occurs. The United States Attorney, with commendable objectivity, brought to the attention of the Court the fact that in this instance the defendant was not placed on probation and the moneys, therefore, were not received by the Chief Probation Officer pursuant to the above-mentioned order of June 27, 1950. It will be recalled that this order defines the official authority of the Chief Probation Officer as being "to receive

1. D.C.Code 1951, Title 16, § 301 et seq.

and disburse restitution and non-support moneys *in cases where probation is conditioned upon payment thereof*". Moreover, the judge who sentenced the defendant made no order in respect to restitution or in regard to the disposition of moneys which the defendant deposited with the Probation Officer. The money was received more or less informally. Since it does not technically constitute a part of the official trust fund, it is not surrounded with the limitations upon its use and disposition that have been mentioned above. Consequently it must be deemed subject to garnishment in the same way as any other money or credits held by some one in behalf of the judgment debtor.

■ . Accordingly, the motion for judgment of condemnation will be granted. The Court wishes to emphasize, however, that the condemnation is directed in this instance solely because of the unusual and peculiar facts here existing, and that trust funds coming into the possession of the Chief Probation Officer of this Court under the terms of the order of June 27, 1950, in cases in which a defendant in a criminal case is placed on probation on condition of making restitution, or paying maintenance, are not subject to garnishment.

Motion granted.