In the Matter of Mable Pauline WILKS, Bankrupt.
No. 22645.

United States District Court
N. D. California, N. D.
Aug. 14, 1961.

⊛⁓198

Norris M. Goodwin, Oroville, Cal., for petitioner.

Thomas McCampbell, Chico, Cal., for respondent-trustee.

HALBERT, District Judge.

Petitioner obtained a judgment against Mable Pauline Wilks on July 26, 1960, and on August 5, 1960, levied upon her wages by a process akin to garnishment (California Code of Civil Procedure, § 710). On August 22, 1960, the sum of $45.93 (the non-exempt portion of the debtor's wages) was paid into the Gridley Justice Court situated in Butte County, California. On August 25, 1960, the debtor filed a petition in bankruptcy, and was duly adjudicated a bankrupt. William Grover was appointed Trustee in Bankruptcy, and on January 17, 1961, he petitioned the Referee in Bankruptcy to order the turnover of the sum in question to him. The Trustee sought this turnover order by virtue of a summary proceeding under Bankruptcy Act, § 67(a) (4) (Title 11 U.S.C.A. § 107(a) (4) ).

Petitioner appeared specially to challenge the jurisdiction of the Referee to entertain such a summary proceeding. Petitioner did not dispute that bankrupt was insolvent at the time of the levy, but did dispute that petitioner knew that bankrupt was insolvent at that time. The Referee assumed summary jurisdiction, found that bankrupt was insolvent at the time of the garnishment, and ordered the property turned over to the Trustee. Petitioner has timely and properly filed a petition for review. In support of his position, petitioner asserts that he had constructive possession of the money in question, and that as a result there was no longer a lien in existence. Petitioner contends that Title 11 U.S.C.A. § 107(a) does not apply in the absence of a lien, and that consequently there could be no summary jurisdiction in the matter. It is petitioner's position that he was an adverse claimant in constructive possession of the property. He therefore asserts that he was entitled to have the matter resolved by way of a plenary suit, rather than in a summary proceeding.

Under ordinary circumstances, a bankruptcy court does not have jurisdiction to adjudicate in a summary proceeding a controversy concerning property being held adversely to the bankrupt estate under and by virtue of a real and substantial claim (Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897). If the adverse claim is merely colorable, the court may assume summary jurisdiction; but if the adverse claim is real and substantial, the trustee must resort to a plenary suit (Harrison v. Chamberlin, supra).

This general rule does not apply to a controversy arising under Bankruptcy Act, § 67(a) (Title 11 U.S.C.A. § 107(a)). (See: Abramson v. Gardner, 9 Cir., 253 F.2d 518; In re Barry Industries, D.C., 127 F.Supp. 793; In re Estes, D.C., 105 F.Supp. 761, affirmed sub nom. Pearson v. Rapstine, 5 Cir., 203

F.2d 313; In re Rand Mining Co., D.C., 71 F.Supp. 724; and Title 11 U.S.C.A. § 107(a) (4)).

■ Possession through an attachment or garnishment, based on a substantial claim, constitutes the possessor an adverse claimant the same as any other lienor. Prior to the passage of the 1938 Act, such a possessor under an attachment or garnishment asserted to be voidable under the terms of former § 67 (f) of the Bankruptcy Act, now § 67(a) (Title 11 U.S.C.A. § 107(a), was entitled to have his rights adjudicated in a plenary suit. The 1938 Act eliminated this right. Section 67(a) (4) (Title 11 U.S.C.A. § 107(a) (4)) as it now stands, invests the bankruptcy court with summary jurisdiction to determine the rights of the parties (2 Collier on Bankruptcy, Para. 23.03, p. 499).

It need only be *asserted* that the lien is voidable under Title 11 U.S.C.A. § 107(a), in order to invest the court with summary jurisdiction. Summary jurisdiction still stands even when it is established (by summary proceedings) that the lien is not voidable, and also in those instances where the adverse claim is higher than a lien, and is in fact a contractual claim of the claimant against the purported garnishee (In re Estes, supra).

■ Petitioner does no more than attack the summary jurisdiction of the Court in the instant case. Petitioner does not challenge the soundness of the merits of the Referee's decision. It is clear that petitioner cannot prevail, even assuming, *arguendo*, that petitioner actually had constructive possession of the property, and that there was actually no lien in existence. The Referee had jurisdiction to determine whether there was a lien in existence, and whether the lien was voidable under Title 11 U.S.C.A. § 107(a).

■ In all events, the decision of the Referee on the merits of the controversy was sound and correct. So long as the proceeds of a garnishment or execution are held by a state court or its officers, the judgment creditor has no more than a lien (Clarke v. Larremore, 188 U.S. 486, 23 S.Ct. 363, 47 L.Ed. 555; In re Francis-Valentine Co., D.C., 93 F. 953, affirmed 9 Cir., 94 F. 793; In re Club New Yorker, D.C., 14 F.Supp. 694; and See: In re Rand Mining Company, supra). The theory that the judgment creditor has a constructive possession, and not a lien, where it is the duty of the state court to pay the money or deliver the property to the judgment creditor was put forward and rejected in Clarke v. Larremore, supra.

■ Where a creditor obtains (1) a lien (2) through legal proceedings (3) within four months of the filing of a petition in bankruptcy by the judgment debtor (4) while the judgment debtor is insolvent, the lien is nullified by the adjudication in bankruptcy (Title 11 U.S.C.A. § 107(a) (1); In re Club New Yorker, supra). In this proceeding petitioner obtained a lien by legal proceedings within four months of the filing of the petition. The Referee found, on substantial evidence, and petitioner does not dispute, that bankrupt was insolvent when the levy took place. Petitioner's lien, still in existence when the petition was filed, was properly nullified as a result of the adjudication.

■ The contention that petitioner did not know bankrupt was insolvent when the lien was obtained is irrelevant. As noted above, knowledge of insolvency by the creditor is no part of the requirements of Title 11 U.S.C.A. § 107(a) (1). The case of Abramson v. Gardner, supra, in which the question of knowledge of insolvency *was* relevant, is distinguishable from the instant case. In Abramson v. Gardner, supra, it was contended that the lien had been converted into title by an execution sale to a bona fide purchaser. No such contention is, or can be, made in the instant case. It is patent that the question of whether petitioner knew that bankrupt was insolvent is of no consequence in this case.

It Is, Therefore, Ordered that the order of the Referee, review of which has been sought by this proceeding, be, and the same is, hereby approved and confirmed.