**Max C. CRANE, Appellant,**

v.

**C. Douglas WIKLE, Receiver of the Estate of Alexander T. Chohon, Bankrupt, Appellee.**

**No. 17150.**

United States Court of Appeals
Ninth Circuit.

Dec. 6, 1961.

Horton, Gabler & Hathaway, Van Nuys, Cal., by Lawrence R. Horton, Van Nuys, Cal., for appellant.

Utley & Houck, by Ernest Utley, Los Angeles, Cal., for appellee.

Adams, Duque & Hazeltine, James S. Cline, Los Angeles, Cal., for Prudential Ins. Co. of America.

Before BARNES and HAMLIN, Circuit Judges, and TAVARES, District Judge.

HAMLIN, Circuit Judge.

Appellant Max C. Crane on January 7, 1959, filed an action in the Superior Court of the State of California for the County of Los Angeles against Alexander T. Chohon, hereinafter called the bankrupt, and his wife Agnes D. Chohon, for moneys due upon a promissory note in the sum of $14,385.33. On that date the Chohons were the owners of record as joint tenants of real property located at 4661 Sunset Boulevard in Los Angeles. This property was the subject of a lease dated October 22, 1953, in which the Chohons were lessors and the Prudential Insurance Company of America, hereinafter referred to as Prudential, was the lessee. The term of the lease was for ten years and the rental to be paid by Prudential was $11,000.04 per year payable in equal monthly installments of $916.67. On January 9, 1959, while Prudential was in possession of the property under the lease, appellant caused to be levied on Prudential a writ of attachment and notice of garnishment on all rents due or to become due from Prudential to the Chohons under the lease. On February 13, 1959, Prudential filed an interpleader action in the above-mentioned Superior Court against the Chohons, the appellant and the marshal of the municipal courts of the County of Los Angeles alleging the execution of said lease and that said lease was still in force and effect. Thereafter, Prudential, pursuant to its interpleader action, paid into court the monthly installments of rent provided in said lease at the rate of $916.67 per month from February 1, 1959, to May 1, 1960.

On February 18, 1959, an involuntary petition in bankruptcy was filed against Alexander T. Chohon, and on March 15, 1959, Chohon was adjudicated a bankrupt.

In the bankruptcy proceedings the referee, upon the application of C. Douglas Wikle, the duly appointed receiver and the appellee herein, issued an order to show cause why the rental payments by Prudential on its lease should not be paid to the receiver. After hearing thereon, the referee made certain findings of fact which are set out in the margin.[1] The referee then concluded that the appellant's attachment lien and garnishment of the rents due and owing from Prudential under said lease was null and void. He further ordered that the appellee as receiver was entitled to all of the rents due from Prudential under said lease and that Prudential pay all rents under said lease to the appellee as receiver. Appellant filed a petition for review of said order in the United States District Court for the Southern District of California, Central Division. The district court adopted the findings of fact, conclusions of law and order of the referee and found that the above mentioned writ of attachment and garnishment

levied upon Prudential was ineffective and inoperative. This appeal is from the order of the district court dismissing the petition for review. This court has jurisdiction under section 24 of the Bankruptcy Act, 11 U.S.C.A. § 47 and under 28 U.S.C.A. § 1291.

■ In the proceeding before the referee the appellant objected to the summary jurisdiction of the bankruptcy court to determine the validity of the attachment lien. This objection was apparently based on the contention that appellant had a claim adverse to the receiver which was substantial and not merely colorable and that summary jurisdiction could not exist in light of section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46. In his brief on appeal appellant does not clearly, if at all, attack the summary jurisdiction of the bankruptcy court.[2] An objection to such jurisdiction would be without merit, and we hold that there was summary jurisdiction.

Suits by receivers to collect assets of the bankrupt from adverse claimants with substantial claims have to be brought in courts other than bankruptcy courts except in special situations pro-

1. Referee's Findings of Fact and Conclusions of Law and Order re Payment of Rentals by Prudential Insurance Company of America.

\* \* \* \* \*

II.

The Court finds \* \* \* that there was an order of adjudication herein made pursuant to the findings and order of the United States District Court signed March 15, 1960; that said findings of said United States District Court, among other things provides and finds that said Alexander T. Chohon was insolvent on December 4, 1958.

III.

\* \* \* Finds that \* \* \* notice of garnishment was \* \* \* served at a time that Alexander T. Chohon was insolvent; and said notice of garnishment was served within four months of the date of filing of the involuntary petition in bankruptcy herein.

\* \* \* \* \*

VI.

Finds that under date of May 28, 1959, a Stipulation \* \* \* was signed by Alexander T. Chohon, Agnes D. Chohon \* \* \* which was approved by the respective counsel for the parties involved, in writing, and filed in the within proceeding \* \* \*. Paragraph X of this stipulation provides:

"Chohon and Agnes D. Chohon represent that while the record title to said property is held in their names as husband and wife as joint tenants, said property is now and at all times has been their community property."

and the court finds that the property in question and as described in such stipulation and in receiver's petition herein is the community property of Alexander T. Chohon and Agnes D. Chohon.

2. Appellant failed to file a "Specification of Errors" as required by Rule 18(2) (d) of the Rules of the United States Court of Appeals for the Ninth Circuit, 28 U.S.C.A.

vided for in the Bankruptcy Act.[3] This is the effect of section 23, sub. b of the Act, 11 U.S.C.A. § 46, sub. b, which provides:

> "Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant, *except as provided in sections 60, 67, and 70 of this Act.*" [Emphasis added.]

Thus proceedings under section 67 of the Act, 11 U.S.C.A. § 107, are expressly excepted from the provisions of section 23 sub. b. Section 67, 11 U.S.C.A. § 107, provides in part:

> "(a) (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this Act by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent * * *.
>
> \* \* \* \* \* \*
>
> "(4) The court shall have summary jurisdiction of any proceeding by the trustee or debtor as the case may be, to hear and determine the rights of any parties under this subdivision."

The petition of the receiver alleged that the levy by writ of attachment and garnishment by the appellant on Prudential on January 9, 1959, was null and void under the provisions of section 67, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a(1). Jurisdiction is determined by consideration of the allegations in the receiver's petition,[4] and the find-

ings of the referee bear out these allegations. The bankrupt was insolvent on and after December 4, 1958, and the appellant's lien was acquired on January 9, 1959, within four months of the filing of the petition in bankruptcy (February 18, 1959). Thus, summary jurisdiction over a proceeding under section 67, sub. a(1) is expressly provided for by section 67, sub. a(4), and both of the requirements of section 67, sub. a(1) for rendering a lien on bankrupt property null and void as against a receiver were met.

A similar question was considered in a recent case,[5] and we agree with the following statement contained therein:

> "Prior to the passage of the 1938 Act, * * * a possessor under an attachment or garnishment asserted to be voidable under the terms of * * * § 67(a) (Title 11 U.S.C.A. § 107(a), was entitled to have his rights adjudicated in a plenary suit. The 1938 Act eliminated this right. Section 67(a) (4) (Title 11 U.S.C.A. § 107(a) (4)) as it now stands, invests the bankruptcy court with summary jurisdiction to determine the rights of the parties (2 Collier on Bankruptcy, Para. 23.03, p. 499).
>
> "It need only be *asserted* that the lien is voidable under Title 11 U.S.C.A. § 107(a), in order to invest the court with summary jurisdiction. * * *"[6]

Appellant also complains of the referee's finding which was approved and adopted by the district court, that the real property in question is the community property of the Chohons. If the property in question was community property Agnes D. Chohon's one-half of the property would be subject to administration as part of the bankrupt's (her husband's) insolvent estate. If the property was the separate property of

---

3. Generally, "courts other than bankruptcy courts" would be state courts or the federal courts sitting *qua* diversity courts or *qua* federal question courts.

4. City of Long Beach et al. v. Metcalf, 103 F.2d 483 (9th Cir. 1939). See also Chi-

chester v. Polikowsky, 231 F.2d 183 (9th Cir. 1955) and Earhart v. Callan, 221 F. 2d 160 (9th Cir. 1955).

5. In re Wilks, 196 F.Supp. 640 (D.C.N.D. Cal., N.D.1961).

6. Id. at 642.

the spouses, as is contended by the appellant, because the property was in the names of the spouses as joint tenants, Agnes D. Chohon's one-half would not be subject to the administration of her husband's insolvent estate.

 The property in question in this case was held in the names of the Chohons as joint tenants. Normally, in California, one half of the property held in the names of the husband and wife as joint tenants is the wife's separate property.[7] However, property held in joint tenancy can be community property if that was the spouses' intention.[8] This intention can be shown by extrinsic evidence such as testimony of the spouses.[9]

In the instant bankruptcy proceeding the husband and wife filed a written stipulation that the property in question was and always had been their community property. The stipulation was received into evidence, no contrary evidence was offered, and the referee found that the property was the community property of the Chohons. We cannot say that this finding of the referee is clearly erroneous.

Appellant further contends that his attachment and garnishment was effective against all the monthly rental payments due under the lease subsequent to the writ of attachment and that these sums should be paid to him as the attaching creditor. Regardless of the merits of this contention that debts not yet due can be subject to garnishment (and there is persuasive authority to the contrary [10]), our holding that the attachment was void because made within four months of bankruptcy on an insolvent

debtor makes it unnecessary for us to decide this point. We, therefore, decline to do so.

The judgment is affirmed.

---

7. E. g., Siberell v. Siberell, 214 Cal. 767, 7 P.2d 1003 (1932); Delanoy v. Delanoy, 216 Cal. 23, 13 P.2d 513 (1932); Socol v. King, 36 Cal.2d 342, 223 P.2d 627 (1950); Launer v. Griffin, 60 Cal.App.2d 659, 141 P.2d 236 (1943).

8. E. g., Tomaier v. Tomaier, 23 Cal.2d 754, 146 P.2d 905 (1944); LaMar v. LaMar, 30 Cal.2d 898, 186 P.2d 678 (1947).

9. E. g., Cummins v. Cummins, 7 Cal.App. 2d 294, 46 P.2d 284 (1935); Lawrie v. Lawrie, 110 Cal.App.2d 380, 242 P.2d 920 (1952). See generally 10 Cal.Jur. 2d 719–21.

10. United States Fidelity & Guaranty Co. v. Wrenn, 67 App.D.C. 94, 89 F.2d 838 (D.C.Cir.1937); In re Roth & Appel, 181 F. 667, 31 L.R.A.,N.S., 270 (2d Cir. 1910).