928

UNITED STATES of America,
Plaintiff,

v.

Howard W. WALTON and Opal F.
Walton, Defendants.

Civ. No. 619.

United States District Court
D. North Dakota,
Northwestern Division.

Oct. 28, 1964.

Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., for the United States.

Joseph P. Stevens, Minot, N. D., for defendants.

REGISTER, Chief Judge.

The Defendants filed their Motion to Discharge Judgment and to Discharge Levy on August 14, 1964. On September 17, 1964, at Minot, North Dakota, oral arguments on said Motion were presented, and the matter was taken under advisement by this Court.

The essential facts are not in dispute. Judgment in this action was entered against the Defendants on March 25, 1964. On June 11, 1964, each of said Defendants filed voluntary petitions in bankruptcy in this Court; the first meeting of creditors was held before the Referee on July 11, 1964, and Order of Discharge as to each Defendant was entered by the Referee on August 11, 1964. On August 5, 1964, execution was issued upon the aforesaid judgment and on August 10, 1964, by virtue thereof, the United States Marshal levied on certain properties owned by Defendants. Specifically, the objective of the levy was to reach an $8,000 equity in real property owned by the Defendants, and which was not subject to homestead exemption. Said equity was scheduled as an asset of the Defendants in the bankruptcy proceedings. The debts which were the basis for the aforesaid judgment were also scheduled in the bankruptcy proceedings. Plaintiff was duly notified of the proceedings in bankruptcy, and one of

the lawyers for Plaintiff appeared at the hearing on July 11, 1964.

Defendants contend that "by virtue of the discharge in bankruptcy of the defendants, the plaintiff by virtue of said judgment has no lien and is not entitled to process by execution to enforce its purported lien.", and base such contention upon the provisions of Title 11 U.S.C.A. § 107, sub. a.

In its brief, filed in opposition to the pending motion, Plaintiff raises the question of the jurisdiction of this Court to consider and determine said motion, and asserts: " * * * it is submitted this Court does not have jurisdiction over the subject matter of this motion. This matter is one for the Referee to decide and his jurisdiction is summary, subject to the right of appeal to this Court." In Re Wilks, D.C., 196 F.Supp. 640, 642, is cited as support for this contention.

■ However, I am satisfied that jurisdiction to hear and determine this matter does inhere in this Court. While it is true that the matter of determining the validity of a lien on the property of a bankrupt, such as is here involved, is within the exclusive jurisdiction of the bankruptcy court, the Bankruptcy Act itself (Title 11 U.S.C.A. § 1) provides that "(9) 'Court' shall mean the judge or the referee of the court of bankruptcy in which the proceedings are pending", and "(10) 'Courts of bankruptcy' shall include the United States district courts * * *".

■ It has been uniformly held that " * * * the statute does not, as a matter of substantive law, declare void every lien obtained through legal proceedings within four months of the filing of the petition in bankruptcy." Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 429, 44 S.Ct. 396, 397, 68 L.Ed. 770. Such a lien is voidable only. See: In re Club

New Yorker, D.C., 14 F.Supp. 694, 696; In re Wilks, D.C., 196 F.Supp. 640; and Abramson et al. v. Gardner, 253 F.2d 518, 521.

■ It is well established that Section 107, sub. a exists primarily for the benefit of creditors. In this case no trustee was appointed; the movants are the bankrupts. No attempt to levy on exempt property has been made; in fact, Plaintiff concedes that the homestead (which is by law exempt) cannot be reached.

■ The application of the principles announced, and the results reached, in Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764, are dispositive of the issue pending. At page 301 thereof, 60 S.Ct. at page 538, apears the following:

"A number of state courts have held, and we think rightly, that the section is intended for the benefit of creditors of the bankrupt and, therefore, does not avoid liens as against all the world but only as against the trustee and those claiming under him. It is settled, however, that not only may the trustee avoid the lien (Taubel-Scott-Kitzmiller Co. v. Fox et al., supra; Connell v. Walker [291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613], supra), but that the bankrupt may assert its invalidity as respects property set apart to him as exempt in the bankruptcy proceeding. Chicago, B. & Q. R. Co. v. Hall, 229 U.S. 511 [33 S.Ct. 885, 57 L.Ed. 1306]. But the lien is not avoided for the benefit of the bankrupt save as to his exempt property or nullified as respects other lienors or third parties."

Accordingly, it is hereby

Ordered that said Motion be, and the same hereby is, in all things, denied.