In the Matter of **Richard L. STREETER,**
Bankrupt.

No. 82878.

United States District Court
N. D. California, S. D.

Sept. 20, 1965.

Glicksberg, Kushner & Goldberg by Lawrence Goldberg, San Francisco, Cal., for Edward M. Walsh, Trustee in Bankruptcy.

Williams & Carey by Allen Williams, San Francisco, Cal., for Merchants' Collection Ass'n, petitioner.

HARRIS, Chief Judge.

The facts in this case are undisputed. Merchants Collection Association, petitioner, recovered judgment against the bankrupt. Thereafter, on October 14, 1964, the Sheriff of the City and County of San Francisco made a levy upon the wages of the bankrupt, by virtue of a writ of execution issued on said judgment. At the time of said levy, the bankrupt was insolvent. Pursuant to said levy, the employer of the bankrupt delivered to the sheriff the sum of $87.59 on January 22, 1965. Thereafter, on January 29, 1965, the bankrupt filed his bankruptcy petition herein and on said date was duly adjudged a bankrupt. After bankruptcy and on February 4, 1965, the sheriff delivered to petitioner the sum of $86.71, being the proceeds of said levy less the sheriff's commissions.

Thereafter, on May 28, 1965, Edward M. Walsh, as trustee in bankruptcy of the estate of the bankrupt, filed with the Referee in Bankruptcy an application for a turnover order against petitioner under the authority of Section 67, sub. a of the Bankruptcy Act (11 U.S.C.A. § 107, sub. a) to recover the said sum of $86.71 received by petitioner from the sheriff after bankruptcy.

After hearing, the Referee in Bankruptcy, on August 10, 1965, found in favor of the trustee, based upon the provisions of Section 67, sub. a, of the Bankruptcy Act, and awarded the trustee judgment against petitioner in the sum of $86.71, together with costs of $8.48.

Petitioner filed its petition for review herein, asserting that Section 67, sub. a, of the Bankruptcy Act had no application to the facts herein and did not operate to vest any title to the funds in the trustee; and further, that the said funds in the hands of the sheriff at the time of bankruptcy were held not pursuant to any lien but as agent for the petitioner as execution creditor.

▮ This Court finds that the decision of the Referee was in all respects correct. The lien against the bankrupt's wages, obtained by the levy of execution,

**550**

arose within four months before the filing of the bankruptcy petition at a time when the bankrupt was insolvent. Such lien was therefore void, and the wages affected thereby were discharged from such lien and passed to the trustee under Section 67, sub. a(1) and (3), of the Bankruptcy Act (11 U.S.C.A., § 107, sub. a(1) and (3)).

So long as the proceeds of an execution or garnishment are held by a sheriff or other state officer, the rights of the lien creditor are subject to nullification by the filing of a bankruptcy petition. Clarke v. Larremore, 188 U.S. 486, 23 S.Ct. 363, 47 L.Ed. 555. In re Wilks, 196 F.Supp. 640 (D.C.N.D.Cal., N.D. 1961).

It is, therefore, ordered that the Order and Judgment of the Referee in Bankruptcy be and the same is hereby affirmed.