CUMMINGS GENERAL TIRE CO.,
a corporation, Appellant,

v.

VOLPE CONSTRUCTION CO., a corporation, John A. Volpe Construction Co., a corporation, and Albert E. Stecklein, t/a Washington Air Compressor Rental Company, Appellees.

Nos. 4040, 4081.

District of Columbia Court of Appeals.

Argued May 22, 1967.

Decided June 26, 1967.

Albert Ginsberg, Washington, D. C., with whom Joseph H. Schneider and Herbert D. Horowitz, Washington, D. C., were on the brief, for appellant.

John F. Myers, Washington, D. C., for appellees Volpe Construction Co. and John A. Volpe Construction Co.

Robert M. Goolrick, Washington, D. C., for appellee Albert E. Stecklein, trading as Washington Air Compressor Rental Co.

Before MYERS, Associate Judge, CAYTON (Chief Judge, Retired), and QUINN (Associate Judge, Retired).

CAYTON, Judge.

Appellant Cummings General Tire Company sued C & E Excavating Company, a nonresident, and caused a writ of attachment before judgment to be issued against the garnishees Volpe Construction Company and John A. Volpe Construction Company,

appellees herein.[1] The attachment was predicated on debts allegedly due defendant C & E Excavating Company from the two Volpe Companies. Garnishee Volpe answered that C & E had defaulted in performance of the contract which was the subject of the garnishment, that no money was then owing and that money due, if any, could be determined only after Volpe had made arrangements to have the work completed. Thereafter, in June 1965, appellant obtained a default judgment in rem against C & E.

In March of the following year, co-appellee Washington Air Compressor Rental Company filed a complaint for $9,000 against C & E and served a writ of attachment on Volpe. In that suit, Volpe answered that it had completed C & E's contract and that some $4,000 was owing. Three days later, appellant Cummings filed a motion for condemnation of the funds in Volpe's hands. Washington Air Compressor filed opposition thereto and appellant's motion was denied.

On this appeal, it is urged that appellant was entitled to judgment of condemnation as a matter of law and that the liability of garnishee Volpe to C & E was not contingent or conditional (as the trial judge apparently decided) and hence was subject to garnishment.

"The rule is well settled that money payable upon a contingency or condition is not subject to garnishment until the contingency has happened or the condition has been fulfilled." Wheeler v. Thomas, 31 F.Supp. 702, 703. (D.D.C. 1940). This is particularly true in contract situations where payment (in this case from Volpe to C & E) is conditioned on the completion of the contract work. 6 Am Jur 2d Attachment and Garnishment § 130 (1963); 38 C.J.S. Garnishment § 88 (1943). In United States Fidelity & Guaranty Co. v. Wrenn, 67 App.D.C. 94, 89 F.2d 838 (1937),

the question presented was whether monthly rent due under a year's lease could be garnished prior to the due date of the rent payments. In deciding that the rent was an ungarnishable contingency, the court said:

[U]nearned rent is not a 'debt.' 'Rent does not accrue to the lessor as a debt until the lessee has enjoyed the use of the land.' * * * Consequently, a covenant to pay rent creates no debt until the time stipulated for the payments arrives. * * * Both its existence and amount are contingent upon uncertain events. 89 F.2d at 841. (Citations omitted.)

Analogizing to the instant case, it is uncontroverted that no money was to be due C & E from Volpe until the work had been completed, and that C & E had abandoned the contract. Thus, both the "existence and amount" of Volpe's debt to C & E were contingent and uncertain and not then subject to garnishment.

It was after Washington Air Compressor's action was filed, that the amount due C & E became certain. But "the precise question involved [is] whether or not the [sums] which accrued *after* service of the garnishment * * * were a credit, that is, whether they were owing and constituted a debt, *when the garnishment was levied.* * * *" Id. at 840. (Emphasis supplied.) When the garnishment in this case was levied, Volpe's liability, if any, was uncertain. The certainty in amount that eventuated later did not cure this defect or change the legal situation retroactively.

D.C.Code 1961, § 16–507(b) (Supp. V 1966), provides:

An attachment shall be a lien on the property attached from the date of its delivery to the marshal. When different persons obtain attachments against the same defendant the priorities of the

---

1. The two cases were consolidated for argument by agreement of the parties who correctly conceded that the identical result would obtain in both cases.

liens of the attachments shall be according to the dates when they were so delivered * * *.

Appellant argues that it was first and should prevail. Under the statute, however, it is necessary that the garnishment reach a fund or credits actually due and ascertainable in amount in order to be subject to condemnation. The decisions are clearly premised on that thesis.[2] As already stated, the garnishment by appellant was ineffectual due to the uncertainty of the debt. It would be paradoxical to hold that and still allow appellant to prevail in the face of a garnishment by another which actually succeeded in reaching a sum certain.

Affirmed.

---

**2.** See, e. g., United States Fidelity & Guaranty Co. v. Wrenn, supra; Manley v. Butterfield, 111 F.Supp. 783 (D.D.C. 1953); Wheeler v. Thomas, supra.