Manuel SHPRITZ et al., Appellants,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 13027.

District of Columbia Court of Appeals.

Argued June 29, 1978.

Decided Sept. 7, 1978.

Samuel Intrater, Washington, D. C., for appellants.

Richard G. Amato, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, Washington, D. C., at the time the brief was filed, Louis P. Robbins, Principal Asst. Corp. Counsel, Robert E. McCally, and Henry E. Wixon, Asst. Corp. Counsels, Washington, D. C., were on brief, for appellee.

Before NEBEKER, MACK and FERREN, Associate Judges.

NEBEKER, Associate Judge:

Appellants assert that the trial court erred in entering judgment for the District of Columbia, as defendant, at the conclusion of a bench trial. We affirm.

The evidence at trial tended to prove the following circumstances. Prior to September 1971, appellants had been controlling stockholders and directors of Associated Opticians, a District of Columbia corporation which had become tax-indebted to the federal government in an amount in excess of $30,000. In that month, appellants sold their controlling interest in the corporation to another corporation. Subsequently, Internal Revenue Service agents contacted appellants in an attempt to locate assets of the corporation upon which levy might be made. Appellants advised the agents that the corporation had secured a contract with the District of Columbia to provide services to certain residents of the District on a continuing basis, that such services had been performed, that the District had not rendered payment for many of the services, and that, therefore, the IRS might levy upon the District's indebtedness to the corporation by way of garnishment. IRS agents thereafter served notices of levy upon the District in July, September, and October 1972. Pursuant to these levies, the District paid to the federal government sums totalling $2,436.69.

In August 1972, the corporation filed a voluntary petition for adjudication of bankruptcy. The trustee in bankruptcy was permitted to continue to perform the corporation's contract with the District, which was to expire in November 1972. The federal government, however, was unable to collect approximately $16,000 in taxes which had become due while appellants were controlling directors and shareholders. Appellants were held liable to the federal government for this amount for their failure to have caused the corporation to pay it while it was within their power to do so.

The gravamen of appellants' complaint was that the District was, when the 1972 levies were made, indebted to the corporation in amounts so in excess of the amounts paid that, had the District paid the entire indebtedness pursuant to the levies, appellants would not have been personally liable for the overdue taxes. Appellants' premise was that the District's indebtedness to the corporation was represented by the invoices submitted to it for services performed, and they submitted evidence tending to show that the invoiced amounts exceeded the amounts paid pursuant to the levies. The District, on the other hand, contended that no indebtedness arose until payment vouchers had been approved or, at least, until there had been an administrative determination that the services had been provided in accordance with the terms of the contract. The trial court held that appellants had not proved anything more than contingent liabilities on the part of the District, liabilities not reached by the levies. *See Savings Bank of Danbury v. Loewe,* 242 U.S. 357, 358, 37 S.Ct. 172, 61 L.Ed. 360 (1917).

To the extent that appellants paid the corporation's tax indebtedness they became subrogated to the federal government's rights and remedies against the corporation. *See Bank of United States v. Peter,* 38 U.S. (13 Pet.) 123, 10 L.Ed. 89 (1839); *Industrial Bank of Washington v. United States,* 138 U.S.App.D.C. 19, 424 F.2d 932 (1970). Among those remedies were the levies made upon the District. To the extent that those levies were not satisfied by proper application of the District's obligation to the tax debt, therefore, appellants may enforce the federal government's rights against the District. *See* 83 C.J.S.

Subrogation § 55 (1953). The federal government's rights upon levy, however, "extend[ed] only to property possessed and obligations existing at the time [levy was made]." I.R.C. § 6331(b). Which of the obligations of the District to the corporation existed at the time of levy is a question of local, not federal law. *See, e. g., Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *Almi, Inc. v. Dick Corp.,* 31 Pa.Cmwlth. 26, 375 A.2d 1343, 1349 (1977).

■ It is well settled under the law of this jurisdiction that contract rights which are to become due only upon the passage of time or upon the happening of a condition are not subject to garnishment. *Cummings General Tire Co. v. Volpe Construction Co.,* D.C.App., 230 A.2d 712 (1967); *United States Fidelity & Guaranty Co. v. Wrenn,* 67 App.D.C. 94, 89 F.2d 838 (1937). In each of those cases, both the "existence and amount" of the purported debt were "contingent." 230 A.2d at 713; 67 App.D.C. at 97, 89 F.2d at 841. In the instant case, on the other hand, the *existence* of a debt was not contingent upon any further performance by the corporation. The services had been rendered.

> [W]here the amount of liability is capable of definite ascertainment in the future, there is no . . . contingency as prevents garnishment of the claim, even though . . . it may be that eventually it will be found that nothing is due. [38 C.J.S. Garnishment § 87 at p. 293 (1943) (footnotes omitted).]

The question in this case, then, is not whether the debt itself was "contingent" but whether the *amount* of the debt was so "uncertain" (230 A.2d at 713) as to prevent garnishment. The certainty of a non-contingent debt is determined by reference to the existence of precise and definite standards by which the amount of the debt might be determined. *Cf. Eaton v. Pittsburgh Terminal Coal Corp.,* 84 F.2d 364 (3rd Cir. 1936). If the amount of the debt becomes fixed, however, only upon acceptance of performance satisfactory to the obligee, or upon the exercise of "judgment, discretion, [or] opinion, as distinguished from mere calculation or computation," then the amount of the debt is not sufficiently certain to permit garnishment. 38 C.J.S. Garnishment § 89 at pp. 295–96 (1943).

■ In the instant case, appellants' evidence established only that the District was in receipt of invoices in amount in excess of the amounts paid pursuant to the various levies. The District's evidence, on the other hand, was that these invoices were subject to a system whereby the District's medical offices approved the services rendered from a medical point of view and another office approved the services and the invoiced amounts to the extent that they complied with the terms of the contract between the District and the corporation. Appellants presented no evidence that the invoices upon which their claims were based had passed either of these processing points. Nor is there any evidence that either of these processing points was so subject to definite standards that the amounts actually due might have been computed without any exercise of discretion or judgment. Neither the terms of the contract nor the criteria according to which medical approval might have been given appear from the record. We cannot, therefore, hold that the trial court erred in holding that appellants failed in their burden of proof.

The judgment of the trial court is

*Affirmed.*