**In the Matter of Lucille J. MOORE, Bankrupt.**

No. 14558.

United States District Court
C. D. California.

Aug. 19, 1968.

C. E. H. McDonnell, Los Angeles Cal. (Wm. H. Hyer, referee in bankruptcy, San Bernardino, Cal.), for bankrupt.

J. Richard Thomas, Bakersfield, Cal., for petitioner on review, John Q. Long.

ORDER VACATING REFEREE'S ORDER FOR LACK OF JURISDICTION AND DISMISSING REVIEW.

IRVING HILL, District Judge.

This is a Petition filed by John Q. Long for review of an order of the Referee filed February 8, 1968. The said Order, issued after a hearing before the Referee on November 13, 1967, permanently enjoined Mr. Long and his assignees from taking any further steps to enforce a lien against certain property.

The instant review was originally heard by the Court on May 13, 1968.

At that time, counsel for the reviewing party appeared and the bankrupt appeared in person without counsel. At said initial hearing, the Court expressed a tentative view that the Referee's Order being reviewed was issued without jurisdiction and continued the matter until June 24, 1968, to enable both sides to brief the jurisdictional question. At that time the Court urged the bankrupt to employ counsel, and C. E. H. McDonnell, Esq. thereafter entered the case as her counsel. At the continued hearing on June 24, 1968, counsel for both sides appeared and argued the matter.

It appears to the Court as follows:

A. The property in question is a dwelling house and lot located in Palm Springs, California. When the instant bankruptcy was filed, the said property was of record in the name of the bankrupt's son, Mr. Thomas Moore. In her bankruptcy schedule, the bankrupt listed the property in question as her own separate property and claimed it to be exempt as property on which she had theretofore filed a declaration of homestead.

B. Before the filing of this bankruptcy, the instant claimant, Mr. Long, had secured a judgment against the bankrupt's husband, Russell Moore, and had directed that a writ of execution issue against the property in question on the theory that it was in fact the community property of the bankrupt and her husband, Russell Moore, and thus reachable by his creditors. Thus, the sole issue which the Referee tried was an issue of ownership, i. e. whether the property was community property or the bankrupt wife's separate property.

C. The Petition in Bankruptcy, a voluntary petition, was filed May 17, 1967. A trustee in bankruptcy was appointed at the first meeting of creditors, June 13, 1967. The next day, June 14, 1967, the bankrupt filed a petition for an order to show cause to restrain the assertion by Mr. Long (and any other claimants) of liens against the property in question. A preliminary injunction was issued restraining Long and any other claimants from going forward with state proceedings to enforce any lien on the property. Long answered the order to show cause and the matter was set down for hearing, which hearing was eventually held on November 13, 1967, as aforesaid.

D. However, by report filed June 30, 1967, the trustee reported to the Referee that the property in question was correctly claimed as exempt property and had the value of $1,496.00. This value was apparently the value of the property in excess of existing trust deeds and mortgages. General Order 17(2) requires any objections to this type of report to be filed within ten days. None were filed. All parties concede that on the date the instant hearing began, November 13, 1967, said Order, determining the property to be totally exempt property, was final.

E. In view of the fact that the California homestead exemption is limited in amount (California Civil Code § 1260) the Referee would have had jurisdiction to hear and determine the instant controversy at any time up to the time when the property had been finally determined to be totally exempt. However, after such a final determination, the hearing and determination of the instant controversy could not conceivably have added anything to the estate being administered in bankruptcy. The entire asset had been finally determined to be outside the bankruptcy and outside the control of the bankruptcy trustee. The bankruptcy trustee was not only not a party to the instant dispute, he had no conceivable interest in its outcome.

F. The general rule that a bankruptcy court has no jurisdiction to deal with exempt property should be applied under the facts of this case. See, for a statement of the general rule, Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903); Duffy v. Tegeler, 19 F.2d 305 (8th Cir. 1927); 1 Collier On Bankruptcy (14th Ed.1967) 812. The general rule rests on

valid public policy grounds. When the dispute is governed by state law, when it does not involve the trustee in bankruptcy as a party, and when its outcome can add no asset to the bankruptcy estate, the state court is obviously the preferable forum for the litigation.

G. In the instant case both parties willingly participated in the hearing before the Referee and neither party made any objection, prior to or during said hearing, to the Referee assuming jurisdiction. Counsel argues that the lack of objection takes the case out of the above-quoted general rule and makes it a case of jurisdiction by "consent" under §§ 2(a) (7) and 23 of the Bankruptcy Act. The only authority cited to support this contention is In re Drag, 254 F. 474 (E.D.Mich.1918). *Drag* does appear to be a holding of jurisdiction by consent in a dispute between the bankrupt and an outside claimant involving exempt property. But *Drag* may be distinguished on several grounds. First, the property involved was stock in trade and fixtures of a store operated by the bankrupt. The opinion indicates that the property was in the "custody" and "possession" of the bankruptcy court. In the case at bar, the bankrupt continued to live in the house, with the trustee never assuming custody or possession of it. Secondly, in *Drag*, before the hearing commenced, the property had been sold by the trustee in bankruptcy along with other assets which were clearly part of the bankruptcy estate. Such sale had been conducted with the apparent consent of all parties, and the Referee had possession of all the money realized from the sale pending his decision on the conflicting claims of the petitioner and the bankrupt. Thus, the Referee had some continuing interest in the dispute and was accountable to the prevailing party for money which the Referee was holding. These distinctions, when coupled with the fact that the *Drag* opinion does not deal with Lockwood v. Exchange Bank, supra, and has apparently not been followed through the years, so weakens the authority of *Drag*

that this Court chooses not to follow it. The federal courts operate under the familiar principle that they are courts of limited jurisdiction and when no jurisdiction exists, it cannot be conferred by consent of all the parties or by estoppel. Page v. Wright, 116 F.2d 449 (7th Cir. 1940) ; Kelley v. United States, 59 F.2d 743, 744 (E.D.Mich.1932) ; 1 Moore's Federal Practice (2d Ed.1968) 608. That rule should be applied to the instant case. The instant case does not in my opinion fall within the jurisdiction by "consent" language of § 2(a) (7) of the Bankruptcy Act. That section envisions consent to the summary jurisdiction of the bankruptcy court "in a controversy arising in a proceeding under this act." The same phrase is also employed in § 24 of the Bankruptcy Act. The phrase has been interpreted to require that the trustee or receiver *be a party* and that the matter in issue *be one which affects the extent of the estate to be distributed.* See Evarts v. Eloy Gin Corp., et al., 204 F.2d 712, 715 fn. (9th Cir. 1953) ; 2 Collier On Bankruptcy (14th Ed.1967) 766. Neither requirement was met here.

H. The claim that jurisdiction may be found under § 23 of the Bankruptcy Act is also without merit. Section 23 appears to deal only with plenary actions brought originally in the United States District Court. In any event, § 23 is limited to actions in which the receiver or trustee is a party and such is not the situation in the instant case.

I. Before striking down an order of the Referee on grounds of lack of jurisdiction, the Court should, on its own, seek out any possible basis of sustaining the order which counsel for the parties may have overlooked. This is particularly necessary when, as in the present case, there has been a trial before the Referee which will be rendered nugatory by a holding of lack of jurisdiction. Such a holding will require retrial of the same issue in another forum. So I have also considered whether jurisdiction for the Referee's order might be found under § 67(a) (1) of the

Bankruptcy Act, 11 U.S.C. § 107(a) (1). That section provides in relevant part as follows:

"(1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this Act by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title * * * "

Initially it should be made clear that Petitioner Long's writ of execution against the property in question was obtained within four months of the bankruptcy. So the time requirement of the section is met.

At first blush, a reading of the section would lead to the assumption that it confers jurisdiction on the bankruptcy court to set aside certain liens only if such liens are upon property which is, or could be brought within, the bankruptcy estate being administered by the trustee. And it would seem that the statute does not confer jurisdiction to invalidiate liens on property already determined to be exempt. Such a construction would be consistent with the rule announced in Lockwood v. Exchange Bank, supra, that the bankruptcy court has no jurisdiction to deal with exempt property. However, the Supreme Court has given a broader interpretation to § 67(a). It has interpreted the section as having a dual purpose, i. e. (1) to invalidiate certain liens on non-exempt property and thus permit bringing such property into the bankruptcy estate thereby preventing unfair advantage to creditors who were racing to secure themselves by instituting legal proceedings shortly before bankruptcy and (2) to permit the bankrupt to have the benefit of exempt property by invalidating similar liens obtained on exempt property shortly before bankruptcy. Chicago, B. & Q. R. Co. v. Hall, 229 U.S.

511, 515, 33 S.Ct. 885, 57 L. 1306 (1913); Fischer v. Pauline Oil and Gas Co., 309 U.S. 294, 301, 60 S.Ct. 535, 84 L.Ed. 764 (1940). So it is established that the bankrupt has the benefit of § 67(a) and may invoke the jurisdiction of the bankruptcy court to obtain the protection of the section even though the property involved has clearly and finally been determined to be exempt property.

However, I hold that the present proceeding does not fall within § 67(a) even as so interpreted. This lien was not asserted against the property of the bankrupt. It was asserted only on the theory that the property in question was *not* the property of the bankrupt. There was no issue of the type mentioned in the statute, i. e. whether the lien attached within four months of the bankruptcy or prior thereto; whether the bankrupt was insolvent or not; or whether the lien was "sought and permitted in fraud" of the Bankruptcy Act. The only issue framed by the pleadings and litigated at the trial was one of ownership of the property. A dispute over ownership does not fall within the purposes of § 67(a) as above outlined.

[redacted] J. Nothing herein contained should be construed as intimating that the bankruptcy court lacks jurisdiction to determine whether certain property is or is not exempt when that question is contested. It clearly has such jurisdiction. 1 Collier On Bankruptcy (14th Ed.1967) 805.

### CONCLUSION AND ORDER

[redacted] As a matter of law, it thus appears that the Referee's Order of February 8, 1968, sought to be reviewed herein, was entered without jurisdiction. The Review is dismissed and the matter is remanded to the Referee with instructions to vacate the Order of February 8, 1968, and to vacate any and all injunctions which would preclude Mr. Long from asserting his lien in the state court. The parties can determine the validity of the lien and the title to the property in state court proceedings.

It is further ordered that the Clerk serve copies of this Order, by United States mail, this date on all parties to the action, and on the Referee.