**In the Matter of Ernette Mae BROWNE, Bankrupt, Appellant,**

v.

**SAN LUIS OBISPO NATIONAL BANK, Respondent-Appellee.**

**In the Matter of Ernette Mae BROWNE, Bankrupt, Appellee,**

v.

**SAN LUIS OBISPO NATIONAL BANK, Respondent-Appellant.**

Nos. 25739, 25797.

United States Court of Appeals,
Ninth Circuit.

March 28, 1972.

As Amended on Denial of Rehearing
June 21, 1972.

District of Washington, sitting by designation.

Robert D. Wendt (argued), Davis, Wendt, Mitchell & LeSage, San Luis Obispo, Cal., for appellant-cross appellee.

William R. Fredman (argued), J. Edmund Smith, Grundell, Fredman & Williamson, San Luis Obispo, Cal., for appellee-cross appellant.

Before HAMLEY, WRIGHT and CHOY, Circuit Judges.

CHOY, Circuit Judge:

In this California bankruptcy case, the parties both appeal a district court order affirming the referee's denial of Mrs. Ernette Mae Browne's petition for an injunction halting a sheriff's sale of her homestead property. We reverse and remand.

I. ASSIGNMENT OF RENTS AND AGREEMENT NOT TO SELL OR ENCUMBER REAL PROPERTY

In consideration and as security for a loan made or purchased by SAN LUIS OBISPO NATIONAL BANK (hereinafter called "Bank") which obligation was incurred in connection with the improvement of real property described below and is evidenced by a promissory note or contract in favor of

San Luis Obispo National Bank dated May 6, 1965, in the amount of Three Thousand Six Hundred Seventy Five . . . 00/100 . . . Dollars ($3,675.00), the undersigned, and each of them, (hereinafter sometimes called "Owner") hereby covenant and agree with Bank as follows:

1. The real property referred to herein is located in the city of San Luis Obispo, County of San Luis Obispo, State of California, and is described as follows: [description omitted]

2. Owner hereby assigns to Bank: (a) All moneys due and to become due to Owner as rental or otherwise for or on account of such real property, reserving unto Owner the right to collect and retain such moneys prior to Owner's default under the terms of the obligation described above; and (b) all moneys due

I

On May 6, 1965, Mrs. Browne obtained an unsecured loan of $3,675 from the San Luis Obispo National Bank (Bank). She signed a promissory note and a document titled "Assignment of Rents and Agreement Not To Sell or Encumber Real Property" covering a lot in San Luis Obispo which she owned. The Bank promptly recorded the document, which is set forth in the margin.[1]

On June 30, 1966, Mrs. Browne filed a voluntary petition in bankruptcy, listing the Bank as an unsecured creditor in the amount of $3,100 and claiming her property was exempt as a homestead under § 6 of the Bankruptcy Act, 11 U.S.C. § 24, and California Civil Code § 1260. The homestead exemption was granted, and in due course Mrs. Browne was discharged from all debts and claims provable against her bankruptcy estate. The discharge included the $3,100 debt to the Bank.

or to become due to Owner upon the sale of the real property hereinabove described.

3. Owner warrants and represents that Owner owns the above-described real property and will not create or permit any lien or any encumbrance (other than those presently existing) to exist on said real property and will not transfer, sell, assign or in any manner dispose of said real property or any interest therein without the prior written consent of Bank; violation thereof will at the option of the bank, accelerate the maturity of the obligation of the Owner.

4. Bank is hereby authorized and permitted to cause this instrument to be recorded at such time and in such places as Bank at its option may elect.

5. This agreement is expressly intended for the benefit and protection of Bank and all subsequent holders of the obligation described above.

6. This agreement shall remain in full force and effect until the obligation described above shall have been paid in full or until twenty-one (21) years following the death of the last survivor of the undersigned, whichever first occurs.

Dated: 6 May 1965

/s/ Ernette M. Browne
    Ernette M. Browne

Nearly two years after Mrs. Browne's discharge, the Bank brought suit in the California Superior Court to foreclose the equitable mortgage it claimed to hold on her property. The complaint alleged that as security and in consideration of the loan, Mrs. Browne had executed the assignment of rents and agreement not to encumber. Since she had failed to make the required payment under the promissory note, the Bank asked the court to declare Mrs. Browne's property subject to foreclosure as an equitable mortgage for the amount of the unpaid debt plus reasonable attorney's fees. Mrs. Browne pleaded her bankruptcy discharge as a defense. The California Court nevertheless entered summary judgment for the Bank, and ordered the sheriff to sell her property, and awarded the Bank an attorney's fee.

Instead of appealing this state ruling, Mrs. Browne returned to the bankruptcy court and sought an injunction against the sheriff's sale. The referee held that he had jurisdiction to hear her petition, but that he was bound by the state court determination that her discharge had no effect upon the equitable lien the Bank held on her homestead. He therefore refused to enjoin the sale.

The district court agreed that the referee had jurisdiction, but held that the state court determination, while correct, was not binding. It independently determined that the Bank had a valid lien against Mrs. Browne's property which had not been affected by her bankruptcy discharge. It also refused to enjoin the sale, although it disallowed the attorney's fees. Both parties appealed.

## II

■ The property in question is homestead property, the nature, exist-ence, and extent of which is determined by state law, usually in the state courts. It has been settled since Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), that the bankruptcy court has no jurisdiction over homestead property once it has declared the property exempt from creditors. Since the title to homestead property remains in the bankrupt and does not pass to his trustee, the property is not part of the bankruptcy estate and cannot be administered by the bankruptcy court. Lockwood, supra, at 299–300, 23 S.Ct. 751. Once the bankruptcy court has determined that property is exempt, it has exhausted its jurisdiction. In re Yungbluth, 220 F. 110 (9th Cir. 1915). See 1A Collier's on Bankruptcy, pp. 809–815. Thus, the bankruptcy court would ordinarily lack jurisdiction to determine the validity of the Bank's alleged lien on Mrs. Browne's property.

■ However, Mrs. Browne's property is not totally exempt as a homestead. She listed the property's value at $25,000; but as the head of a family, she may claim a homestead exemption not exceeding $20,000. California Civil Code § 1260(1).[2] The excess formed part of her bankruptcy estate and was not exempt. Lockwood does not oust the bankruptcy court from jurisdiction to determine the validity of a lien against this excess portion of Mrs. Browne's estate. Cf. In re Moore, 288 F.Supp. 887, 888 (C.D., Cal., 1968).

■ Under Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), the bankruptcy court has jurisdiction to hear what is essentially an ancillary and supplemental bill in equity to enforce a discharge granted to a bankrupt. However, the Supreme Court cautioned that this ancillary jurisdiction

---

2. When Mrs. Browne first claimed her exemption in 1966, California permitted the head of a family to claim a $15,000 homestead. This sum was raised to $20,000 as of January 1, 1971, with retroactive effect provided that such an in-crease would not affect creditors' rights. We assume Mrs. Browne is a "head of a family." If she is not, her homestead right is less, but that does not alter our conclusion.

should be limited to "unusual circumstances"; where the legal remedy afforded by state adjudication "would be inadequate to meet the requirements of justice," the bankruptcy court could and should exercise its ancillary jurisdiction. *Local Loan, supra,* at 241, 54 S.Ct. at 698. See 1 Collier's pp. 341–348 and 1A Collier's pp. 1728–1731.[3]

The essence of the present controversy is the interpretation and effect of the discharge order. The Bank has no lien against Mrs. Browne's property, as is discussed in III below. Even if the Assignment and Agreement created a lien, Mrs. Browne has not breached the terms of either the agreement assigning her rents or the agreement not to encumber or convey her land. She does not rent the property. She has not sold it, and her homestead declaration is not an encumbrance. Tahoe National Bank v. Phillips, 4 Cal.3d 11, 21, n. 14, 92 Cal. Rptr. 704, 710, n. 14, 480 P.2d 320, 328, n. 14 (1971).

■■ Thus, the Bank's sole cause of action stems from the promissory note, which was listed on Mrs. Browne's schedule of debts. The bankruptcy court has jurisdiction to ensure that the discharge it granted to Mrs. Browne is not circumvented. *See, e. g., Local Loan, supra*; Beneficial Finance Company of Oklahoma v. Sidwell, 382 F.2d 275 (10th Cir. 1967). The requirements of justice require the exercise of jurisdiction in this case. Mrs. Browne's state remedy is inadequate. Major clarifications in the California law have rendered the state decision clearly erroneous. The cases discussed in part III below indicate that the Bank could not have a valid encumbrance which would allow it to comply with California Civil Code § 1241, which places restrictions

upon forced sales of homestead properties. Finally, the Bank, a listed bankruptcy creditor, did not appear in the bankruptcy proceedings, but sat on its "lien" for two years after the discharge before seeking to enforce it. Cf. In re Cleapor, 16 F.Supp. 481 (N.D., Ga., 1936). The integrity of the homestead law and the bankruptcy discharge require the bankruptcy court to assume jurisdiction in this case.

### III

■ The Bank asserts that the document Mrs. Browne signed simultaneously with her promissory note created an equitable lien on her property. However, under California law the Bank has no interest whatsoever in any part of Mrs. Browne's property. In Tahoe National Bank v. Phillips, 4 Cal.3d 11, 92 Cal. Rptr. 704, 480 P.2d 320 (1971), the court held that an "Assignment of Rents and Agreement Not to Sell or Encumber Real Property," which was in all material respects identical to the document Mrs. Browne signed, was not reasonably susceptible to the construction that it created a lien in the property identified. In *Tahoe*, as here, the document was executed simultaneously with a loan which the bank later sought to collect. The document was recorded. The property in question was homesteaded. The *Tahoe* document, like the document here, contained no hint of any power of foreclosure. None of the covenants purported to create a lien; its language was inconsistent with that interpretation. Given *Tahoe* and the lack of any evidence that Mrs. Browne intended to create a security interest,[4] there can be no doubt that the Bank never obtained any mortgage or lien, equitable or otherwise, upon Mrs. Browne's property.[5]

---

3. Since Mrs. Browne's bankruptcy discharge occurred in 1966, *Local Loan* and not the 1970 amendments to the Bankruptcy Act are controlling. Compare 1A Collier's ¶ 17.28 with ¶ 17.28A.

4. *Cf.* Coast Bank v. Minderhout, 61 Cal. 2d 311, 38 Cal.Rptr. 505, 392 P.2d 265 (1964).

5. *Compare* Kaiser Industries Corp. v. Taylor, 17 Cal.App.3d 346, 94 Cal.Rptr. 773

■ Without a lien the Bank must rest its claim upon the promissory note. This note and the debt it represented were discharged. Since the discharge released Mrs. Browne's personal liability, and no valid lien exists on her property, the sheriff's sale must be enjoined. It follows that the Bank is not entitled to the attorney's fees it obtained from the state court.

Reversed and remanded for further proceedings consistent herewith.

## ON PETITION FOR REHEARING

■ The Bank suggests that because Mrs. Browne's equity in her property was substantially less than its $25,000 face value or the $20,000 maximum exemption, the property is totally exempt and *Lockwood* bars the bankruptcy court from jurisdiction. While factually correct, we cannot accept the Bank's legal conclusion. First, in the seventy years since it was decided, *Lockwood* has been severely criticized as "the result of overly technical construction of section 6 and . . . not in accord with the general philosophy of the Bankruptcy Act." 1A Collier's ¶ 6.05, p. 815. Second, the fundamental question involved here is not the effect of the homestead exemption but rather the effect of Mrs. Browne's discharge in bankruptcy. Compare Sims v. Jamison, 67 F.2d 409 (9th Cir. 1933). *Local Loan* and not *Lockwood* controls this case. Whether or not Mrs. Browne's property is totally exempt as a homestead, the bankruptcy court has ancillary jurisdiction to prevent the Bank from circumventing its decree.

The petition for rehearing is denied.

(1971), where the parties in a private credit relationship clearly intended to create a security interest, with Orange County Teachers Credit Union v. Peppard, 21 Cal.App.3d 448, 98 Cal.Rptr. 533 (1971), where an ambiguous form docu-

ment, such as the one in *Tahoe* and here, was held not to create a security interest, although the agreement not to transfer the property was breached. On this last, compare *Coast Bank, supra,* n. 4.