**In the Matter of John Leonard JACKSON, Jr., Bankrupt No. 5–70–229.**

**William B. GROVER, Trustee in Bankruptcy, Appellant,**

v.

**John Leonard JACKSON, Jr., Appellee.**

**No. 72–2061.**

United States Court of Appeals, Ninth Circuit.

Jan. 12, 1973.

Rehearing Denied Feb. 8, 1973.

Philip M. Arnot, Eureka, Cal., for appellant.

Francis B. Mathews, of Mathews, Traverse & McKittrick, Eureka, Cal., for appellee.

Before KILKENNY, TRASK and CHOY, Circuit Judges.

---

PER CURIAM:

This is an appeal from an order of the district court which granted a claim of exemption made by the bankrupt under the California Code of Civil Procedure § 690.7.[1]

The settled statement of facts on this appeal (C.T. 52–55) tells us that the bankrupt took $1,000 from receipts of his business as a logging contractor and shortly before bankruptcy deposited this sum in an account in the Humboldt Federal Savings & Loan Association in the name of his wife and himself as joint tenants. He and his wife had been married for many years and the money was the community property of the bankrupt and his wife. The bankrupt offered to prove at a hearing before the Referee that although the savings account was taken in the name of husband and wife as joint tenants they intended that the property should remain as community property. The deposit in joint tenancy was "as a matter of convenience only." The Referee denied the claim of exemption under the California Code of Civil Procedure § 690.7 and a petition for review was taken to the district court. The district court granted the petition for review and vacated the order of the Referee. This appeal is from the district court's order. We affirm.

■■■■■ It is clear that the purposeful conversion of non-exempt assets into exempt assets immediately prior to bankruptcy is not fraudulent per se. Wudrick v. Clements, 451 F.2d 988 (9th Cir. 1971). The bankruptcy court has jurisdiction to decide the merits of the claim of exemption, Goldsmith v. M. Jackman & Sons, Inc., 327 F.2d 184 (10th Cir. 1964); 1A Collier on Bankruptcy, ¶ 6.05 at 808 (14th ed.), but the validity of the exemption is controlled by application of state law. Elliott v. Ostman, 340 F.2d 581 (9th Cir. 1965); 1A Collier, *supra*, ¶ 6.03 at 797. These general rules are not contested. The Trustee contends that the deposit in joint tenancy destroyed the community nature of the property and constituted a fraudulent transfer as to community creditors. He reasons that the deposit in joint tenancy gives the right of complete withdrawal to either tenant. It appears to be well established in California that even though title to property is taken in joint tenancy, evidence can be admitted to show that the property was intended to remain community. Crane v. Wikle, 298 F.2d 261 (9th Cir. 1961); Huber v. Huber, 27 Cal.2d 784, 167 P.2d 708 (1946); Turknette v. Turknette, 100 Cal.App.2d 271, 223 P.2d 495 (1950); *see also*, Wikes v. Smith, 465 F.2d 1142 (9th Cir. 1972). Here the evidence and the settled statement resolve that question and establish the property as community. That being true the community property in the Savings & Loan Association was exempt. Love v. Menick, 341 F.2d 680 (9th Cir. 1965).

Judgment affirmed.

■■■■■■■

1. "§ 690.7 Exemptions; savings; limit
   (a) To the maximum aggregate value of one thousand dollars ($1000), any combination of the following: savings deposits in, shares or other accounts in, or shares of stock of, any state or federal savings and loan association; . . ."