366 F.Supp. 1213 (1973)
In the Matter of Ira Floyd SMITH, Jr., Bankrupt.
Loren WETZEL, Trustee, Petitioner,
v.
IDAHO STATE BANK, Beneficiary, and Title and Trust Company, an Idaho corporation, Trustee, Respondents.
No. BK 71-792.
United States District Court, D. Idaho.
October 17, 1973.
*1214 Wallis & Churchill, Boise, Idaho, for bankrupt.
Coughlan, Imhoff, Christensen & Lynch, Boise, Idaho, for petitioner.
Jack C. Riddlemoser, Meridian, Idaho, for respondents.

MEMORANDUM AND ORDER
J. BLAINE ANDERSON, District Judge.
This matter is before the Court upon respondents' Petition for Review of the referee's order of May 17, 1973, denying respondents' objection to the referee's jurisdiction to consider this matter and the referee's order of July 20, 1973, setting the lien of respondents over to the trustee in bankruptcy for the benefit of the bankrupt estate. The questions which this court must resolve are:
1. Whether, under the circumstances presented by this case, the referee could reconsider and revoke his order approving the trustee's report of exempt property when no objection to the trustee's report was entered by any person within the time required by law;
2. Whether under the applicable Idaho law the bankrupt was entitled to a homestead exemption in the amount of his equity in his personal residence on the date of bankruptcy;
3. Whether the transfer or encumbrance of exempt property is a voidable preference within § 60 of the Bankruptcy Act (11 U.S.C. § 96), and;
4. The applicability, if any, of the proviso of § 6 of the Bankruptcy Act (11 U.S.C. § 24).
The facts surrounding these questions are not in dispute.
On November 3, 1971, Mr. Smith filed his voluntary petition in bankruptcy and was duly adjudged bankrupt on that date. On the schedules in support of his petition, the bankrupt listed his personal residence as having a value of $20,000.00, subject to a mortgage of $12,500.00 executed in favor of the Mortgage Insurance Corporation, leaving an equity of $7,500.00. The bankrupt and his wife also claimed a homestead exemption on his equity, having filed for the exemption in full compliance with I.C. § 55-1201 *1215 on May 11, 1971. However, the bankrupt's schedules did not show that he and his wife had also executed a deed of trust on his residence to the Title and Trust Company as trustee and the Idaho State Bank as beneficiary on September 2, 1971, in the amount of $11,855.53, which was recorded on November 2, 1971. Accordingly, the trustee set apart a homestead exemption in the amount of $7,500.00 to be retained by the bankrupt, which was approved by the referee in his Order Approving Trustee's Report of Exemptions on December 29, 1971.
Subsequently, the respondents sought to foreclose under the deed of trust on the bankrupt's equity by way of a trustee's sale which was to be held on May 21, 1973. The trustee in bankruptcy thereupon petitioned the bankruptcy Court on March 16, 1973, to preserve the lien of respondents for the benefit of the estate, contending that the execution of the trust deed was a preferential transfer, and for an order enjoining respondents from foreclosing on the bankrupt's equity in his home. Respondents answered the trustee's petition contending that the bankruptcy court lacked jurisdiction to hear the matter inasmuch as the trustee had already set aside the bankrupt's equity in the home as a homestead exemption, and the referee had approved the exemption. Therefore, the property, or the equity in the home, was removed from further administration by the trustee or the bankruptcy court, leaving the court without jurisdiction to later entertain the trustee's petition. The referee disagreed with respondents and on May 17, 1973, entered an order denying the objection to jurisdiction. The matter was then set for hearing on the merits of the trustee's petition.
Respondents' position in opposition to the merits of the petition was since the bankrupt had filed a homestead on his equity in his home, he was free to encumber the equity if he so desired, waiving the exemption only as to respondents. Therefore, since there cannot be a preferential transfer of exempt property, the trustee's petition was without merit. However, the referee again disagreed, finding that there was no exemption in the equity and, therefore, the execution of the trust deed to respondents was a preferential transfer within § 60 of the Act. He then ordered the lien of respondents set over to the trustee for the benefit of the bankrupt estate. The respondents thereupon petitioned the bankruptcy court to certify the record surrounding the May 17 and July 20 orders to this Court for review.
1. Generally, the bankruptcy court has no jurisdiction over exempt property once it has declared the same to be exempt. The property is not a part of the bankrupt estate and therefore not subject to further administration. Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903); Browne v. San Luis Obispo National Bank, 462 F.2d 129 (9th Cir., 1972); 1A Collier on Bankruptcy pp. 805-809. However, the bankruptcy court does have jurisdiction to the extent necessary to determine whether an exemption does in fact exist in favor of the bankrupt. § 2a(11) of the Bankruptcy Act (11 U.S.C. § 11(a)(11)). Therefore, since the bankrupt's equity in his home was set aside as a homestead exemption by the trustee, approved by the referee and no objection was made within 10 days as required by General Order 17(2)[1], the bankruptcy court *1216 would, under normal circumstances, have exhausted its jurisdiction. Lockwood supra; Browne, supra; In re Moore, 288 F.Supp. 887 (D.C.Cal.1968). But the circumstances presented by the facts in this case are not normal.
The bankrupt did not list the respondents as secured creditors on his bankruptcy schedules. The only mention of any debt owed respondents was an unsecured debt, for which the bankrupt had executed the trust deed. But the trust deed was not at all mentioned in the schedules. Therefore, there would be no way for the trustee in bankruptcy to make an informed determination as to the validity of the exemption. The trustee has taken the position in this matter that because the trust deed was executed and attached to the bankrupt's equity in his home, the homestead exemption was lost. He presumably would have taken the same position at the time the exemption was claimed had he known all the facts surrounding the matter. Therefore, the bankruptcy court should be allowed to reassert its jurisdiction to determine the validity of the exemption claim, despite the fact that the only objection to the exempt status of the property came more than a year after the exemption was originally set aside, and even then only by way of implication from the trustee's petition. A bankruptcy court is a court of equity in many respects. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). Many of the interim orders of the referee are entered informally. The referee should be allowed to reconsider these types of orders when it would be equitable to do so. Knox v. Lines, 463 F.2d 561 (9th Cir., 1972); Fazakerly v. E. Kahn's Sons Co., 75 F.2d 110 (5th Cir., 1935). Under the peculiar facts in this case it is held that the referee had jurisdiction to reconsider its order and this court has jurisdiction to review.
2. The validity of a claimed homestead exemption is to be determined by the application of state law. Elliot v. Ostman, 340 F.2d 581 (9th Cir., 1965); In re Jackson, 472 F.2d 589 (9th Cir., 1973). I.C. § 55-1201 provides:
"Homesteads may be selected and claimed of values, in excess of mortgages, deeds of trust and liens of record as follows:
1. Of not exceeding $10,000 in value by any head of a family."
The bankrupt complied with this section when he filed a declaration of homestead on his equity after executing a mortgage to Mortgage Insurance Corp. However, I.C. § 55-1007 provides:
"A homestead can be abandoned only by a declaration of abandonment, or a grant or conveyance thereof, executed and acknowledged:
1. By the husband and wife, if the claimant is married."
Thus, the question becomes one of whether the bankrupt abandoned the homestead exemption when he executed the trust deed to respondents. The matter appears to be one of first impression, there being no Idaho decisional law in point.
In ruling that no exemption existed at the time the bankruptcy petition was filed, the referee took the position that: (1) because the bankrupt had earlier executed the trust deed to respondents, there no longer was an excess over mortgages, deeds of trust and liens of record out of which the homestead could be selected and claimed in accordance with I.C. § 55-1201 and, (2) that in any event, by executing the trust deed the bankrupt *1217 had abandoned the homestead under the terms of I.C. § 55-1007. It is concluded that the referee misinterpreted the meaning of both sections, possibly did not consider related sections and did not have his attention directed to other authorities discussed herein.
I.C. § 55-1201 provides for the maximum value of a homestead at the time the claim for the exemption is filed. If at the time of filing for the exemption there is an excess or equity as in this case, then a homestead may be claimed to the extent the equity does not exceed $10,000.00. In this case, at the time the homestead was filed for and duly recorded in accordance with Idaho law, there was an excess of $7,500.00. Therefore, after May 11, 1971, the bankrupt had a valid homestead exemption to the extent of his equity in his home. The exemption was valid at that time and therefore should be valid on the date of bankruptcy, provided he has not abandoned it. I.C. § 55-1201 is relevant only at the time that the exemption is validly declared. What the bankrupt thereafter chose to do with his equity and the fact that on the date of bankruptcy there no longer existed any excess over mortgages or deeds of trust of record should be immaterial.
In construing what constitutes an abandonment of the homestead exemption, I.C. § 55-1007 must be read in light of the statutes surrounding it. I.C. § 55-1005 provides:
"The homestead is subject to execution or forced sale in satisfaction of judgment obtained: . . .
3. On debts secured by mortgages upon the premises, executed and acknowledged by the husband and wife or by an unmarried claimant.
4. On debts secured by mortgages upon the premises, executed and recorded before the declaration of homestead was filed for record."
I.C. § 55-1005(3) thus authorizes a person to mortgage his homestead exemption after declaration but makes the homestead subject to the mortgage. I.C. § 55-1005 would be meaningless if executing the mortgage means that the homestead is abandoned. The legislature must have intended to give meaning to both sections. Further, if a person is held to have abandoned his homestead by executing a mortgage or trust deed on property or equity covered by the exemption, the purpose of the homestead exemption would be lost should the homeowner pay off the encumbrance entirely. The bankrupt should not be held to have abandoned his right to claim the homestead exemption by executing the deed of trust to respondents. Thus, he could assert his right to the exemption and have the value of the homestead set over to him out of the assets of the bankruptcy estate, his equity being exempt as to all creditors except respondents. I.C. § 55-1005(3).
Further, I.C. § 55-1006 gives explicit legislative recognition of the right and power to encumber a homestead exemption when it provides:
"The homestead of a married person can not be . . . encumbered unless the instrument by which it is . . . encumbered is executed and acknowledged by both husband and wife."
I.C. § 55-1007, supra, dealing with "abandonment" does not use the term "encumbered" as one of the forms of abandonment.
3. A transfer by deed of trust of a bankrupt's validly exempted property is not a voidable preference. Bankruptcy Act § 60 (11 U.S.C. § 96); Baumbaugh v. Los Angeles Morris Plan Co., 30 F.2d 816 (9th Cir., 1929); Rutledge v. Johansen, 270 F.2d 881 (10th Cir., 1959); 1A Collier on Bankruptcy, ¶ 6.11. Title to the exempt equity in the real property could not rest in the trustee, was not an asset of the estate and general creditors could have no concern about it. In re French, 231 F. 255 (D.C.N.Y.1916). It cannot be attacked by the trustee or creditors as fraudulent, unless it is, under the facts *1218 here, fraudulent under state law. 1A Collier, Sec. 6.11, pp. 851-854 (14th Ed.); See discussion, Campbell v. Largilliere Co., Bankers, 44 Idaho 293, 296-297, 256 P. 371. No facts are presented here, nor is it contended that the bankrupt and respondent were in connivance or collusion at the time the bankrupt effectively selected and recorded his homestead on the remaining equity in the real property. No law is supplied, and none has been found, holding that this homestead declaration was invalid when made or that it became invalid by the events subsequent to selection and recording. A selection, even immediately prior to bankruptcy, is not fraudulent per se. In re Jackson, 472 F.2d 589 (CA 9th, 1973); Wudrick v. Clements, 451 F.2d 988 (CA 9th 1971).
Also, a transfer or encumbrance cannot be preferential unless it is one, the effect of which enables one creditor to obtain a greater percentage of his debt than some other creditor of the same class. Bankruptcy Act § 60(a)(1) [11 U.S.C. § 96(a)(1)]. Since the interest of the bankrupt was exempt, other creditors cannot be heard to complain of a transfer of property to which they had no right after its proper selection and recordation.
4. § 6 of the Bankruptcy Act [11 U.S.C. § 24] provides as follows:
"This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State: Provided, however, That no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this title for the benefit of the estate, except that, where the voided transfer was made by way of security only and the property recovered is in excess of the amount secured thereby, such allowance may be made out of such excess."
The language of the proviso estops a bankrupt from claiming an exemption on property which, by his own fraudulent conduct, has been transferred away and then recovered by the trustee in some manner. In re Hupp, 43 F.2d 159 (9th Cir., 1930). Here there is no evidence of fraudulent conduct on the part of the bankrupt and the equity encumbered by the deed of trust was not recovered by the trustee. See 1A Collier on Bankruptcy ¶ 6.11.
The referee's conclusions concerning the questions certified for review appear to be contrary to law. Such findings and conclusions are therefore subject to reversal by this court. Costello v. Fazio, 256 F.2d 903 (9th Cir., 1958). The bankrupt was entitled to claim the homestead exemption and have the same set apart by the trustee. The respondent is therefore entitled to exert his lien on the bankrupt's equity by state proceedings. Lockwood v. Exchange Bank, supra.
It is ordered that the referee's order of July 20, 1973, setting over the lien on the exempt equity in the bankrupt's real property to the trustee is hereby set aside and the referee shall enter an order recognizing the homestead exemption and permitting the respondents to proceed with their pending foreclosure proceedings under the deed of trust.
NOTES
[1] General Order 17(2) provides:

"The trustee shall make report to the Court, within five days after receiving the notice of his appointment, unless further time is granted by the court, of the articles set off to the bankrupt or debtor by him, according to the provisions of Section 47 of the Act, with the estimated value of each article; and any creditor or the bankrupt or debtor may file objections to the determination of the trustee within ten days after the filing of the report, unless further time is granted by the court."
It should also be noted that the new Rules of Bankruptcy Procedure became effective on October 1, 1973. By order of the Supreme Court the new rules are to apply to all cases filed on or after said date and to proceedings pending on that date except to the extent that in the opinion of the court their application would not be feasible. New rule 403 provides that objections to the trustee's report of exempt property must be filed within 15 days of the date of the report or after the 15 day period if further time is granted by the court within the 15 day period. This new rule should not apply to this matter as to do so would make the rule apply retroactively back to December of 1971. In any event, the result should not be held to be different in view of the fact that the deed of trust was not listed in the bankrupt's schedules.