MEMORANDUM **
Schafler appeals the decision of the District Court upholding the Bankruptcy Court’s denial of her claim that some of her assets comprise an individual retirement account and should be exempt from the bankruptcy estate. We review de novo the question of whether Schafler is entitled to an exemption, Coughlin v. Cataldo (In re Cataldo), 224 B.R. 426, 428 (9th Cir. BAP1998), with the exception of findings by the Bankruptcy Court that Schafler acted in bad faith, which we review for *697 clear error. Arnold v. Gill (In re Arnold), 252 B.R. 778, 784 (9th Cir.BAP2000).
Schafler does not establish that the asset in question qualifies as an exempt account under Section ll-504(h) of the Courts and Judicial Proceedings Article of the Code of Maryland. This statute requires that the account meet the requirements of “ § 401(a), § 403(a), § 403(b), § 408, § 408A, § 414(d), or § 414(e) of the United States Internal Revenue Code of 1986, as amended, or § 409 (as in effect prior to January 1984) of the United States Internal Revenue Code of 1954, as amended.” Schafler does not argue, and the record does not indicate, that the account for which she claims an exemption satisfies these requirements. The exemption was properly denied.
The Bankruptcy Court’s denial of Schafler’s motion for an exemption did not deny her due process of law simply because it did not occur at a separately scheduled hearing. The Bankruptcy Court chose to address the matter during a hearing on a related matter, after both parties had fully briefed the exemption issue, and gave both parties an opportunity to present oral argument. Schafler argues that this was done in violation of Bankruptcy Local Rule 9014 for the Northern District of California, but does not demonstrate any prejudice that resulted. Absent a demonstration of prejudice, any error in this respect is not reversible error. Houston v. Bryan, 725 F.2d 516, 518 (9th Cir.1984).
The decision of the District Court is
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.